## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE No. | 19-21145 (JJT) |
| | ) | | |
| CHRISTOPHER J. SICOTTE | ) | CHAPTER | 7 |
| AMY P. SICOTTE | ) | | |
|     Debtors. | ) | | |
| | ) | RE: ECF Nos. | 15, 21 |

## RULING ON THE TRUSTEE'S
## OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS

Before the Court is the Chapter 7 Trustee's ("Trustee") Objection to Debtors' Claim of Exemptions ("Objection," ECF No. 15). The Debtors, Christopher and Amy Sicotte ("Debtors"), claim an exemption in a Winchester .22 caliber lever action rifle with case and ammunition ("the Firearm") under Connecticut General Statutes § 52-352b(a). The Trustee objects on the basis that the Firearm does not fall within the statutory exemption provided for under Conn. Gen. Stat. § 52-352b(a). This Court agrees.

On June 29, 2019, the Debtors filed a joint petition for relief under Chapter 7 of the Bankruptcy Code, wherein they disclosed an ownership interest in the Firearm. The Debtors claimed that the Firearm was exempt pursuant to Conn. Gen. Stat. § 52-352b(a), which specifically exempts "[n]ecessary apparel, bedding, foodstuffs, household furniture and appliances." Following the § 341 Meeting of Creditors, the Trustee filed a timely Objection, assailing the Debtors' claim of exemption in the Firearm as a household good under Conn. Gen. Stat. § 52-352b(a) (ECF No. 15). Thereafter, the Debtors filed their Response to Trustee's Objection to Debtors' Claim of Exemptions ("Response," ECF No. 21), arguing that the Firearm

could qualify as a household good if used to support and facilitate the daily operation of the household.[1] (ECF No. 21, at ¶ 8). A hearing on the Objection was held on November 6, 2019, at which time the Court took the matter under advisement. For the reasons stated below, the Objection is SUSTAINED.

Exemption statutes are to be construed liberally in the debtor's favor. *KLC, Inc. v. Trayner*, 426 F.3d 172, 176 (2d Cir. 2005) (citing *In re Caraglior*, 251 B.R. 778, 782–83 (Bankr. D. Conn. 2000)). "[W]henever the claim to an exemption can be brought within the purpose and intent of the statute by a fair and reasonable interpretation, the exemption should be allowed." *In re Kujan*, 286 B.R. 216, 220 (Bankr. D. Conn. 2007). Still, courts are not free to "torture the language of the state [exemption] statutes in the guise of liberal construction." *In re Cerchione*, 414 B.R. 540, 547 (9th Cir. B.A.P. 2009) (citing *In re Kline*, 350 B.R. 497, 502 (Bankr. D. Idaho 2005)).

Here, the language of Conn. Gen. Stat. § 52-352b(a) clearly and unambiguously lays out the categories of property a debtor may explicitly exempt: "[n]ecessary apparel, bedding, foodstuffs, household furniture and appliances."[2] A plain reading of the statute demonstrates its intent to protect a category of personal goods necessary to the debtors' fresh start, and the items protected under section 52-352b(a) are those which ensure a debtor survives their bankruptcy with a modicum of dignity. Even under the most liberal construction of Conn. Gen. Stat. § 52-

---

[1] In support of this argument, the Debtors cite to *In re Mason*. *See In re Mason*, 254 B.R. 764, 769 (Bankr. D. Id. 2000). In *Mason*, the court found that a debtor could claim firearms as exempt under the Idaho exemption statute's "household goods" provision provided there was evidence of a functional nexus between the firearm and its use within the household. *Id*. at 773. In coming to this conclusion, the court relied on the Fourth Circuit's definition of "household goods" advanced in *In re McGreevy*, which defined the term as "those items of personal property that are typically found in or around the home and used by the debtor or his dependents to support and facilitate day-to-day living within the home, including maintenance and upkeep of the home itself." *Id*. at 771-72 (citing *In re McGreevy*, 955 F.2d 957, 961–62 (4th Cir. 1992)).

[2] While the Trustee and the Debtors may refer to these items as "household goods," it must be noted that the language of Conn. Gen. Stat. § 52-352b(a) contains no such term.

352b(a), this Court cannot conjure up a definition for any of the items provided for in this exemption statute that would encompass this Firearm. To do so would indeed result in a tortured construction of the statutory language.

In support of the claimed exemption, the Debtors also argue that "[a] firearm could qualify as household goods provided that the Debtors can establish that the [Firearm] was actually used in such a way as to facilitate the daily operation and support of the household." (ECF No. 21, at ¶ 8).[3] When confronted with such an argument, courts have weighed certain facts, such as the debtor's cultural environment and geographic location, to determine whether a firearm qualified as a household good that was used in such a way to facilitate the daily operation and support of the household. *See In re Heath*, 318 B.R. 115, 118 (Bankr. W.D. Ky. 2004) (court concluding that a rifle used as a means to supply food for family qualified as a "household good"); *In re Rhines*, 227 B.R. 308, 310 (Bankr. D. Mont. 1998) (court concluding that a rifle and shotgun used as the primary means of obtaining food for debtor and his dependents qualified as "household goods"); *Matter of Crawford*, 226 B.R. 484, 485 (Bankr. N.D. Ga. 1998) (court concluding that a rifle used solely for defense, and not used for hunting or otherwise qualified as a "household good"). The Debtors here, however, have failed to provide any evidence of how the Firearm is deployed in the household, aside from stating in various ways that "[i]t is a family heirloom with great sentimental value to the Debtors" (ECF No. 21, at ¶ 7).

For the reasons set forth above, this Court finds the Debtors' claimed exemption of the Firearm under Conn. Gen. Stat. § 52-352b(a) is unsupportable. Accordingly, the Trustee's Objection to Debtors' Claim of Exemptions is SUSTAINED.

---

[3] As previously mentioned, see footnote 2 of this Ruling, the language of Conn. Gen. Stat. § 52-352b(a) does not include the term "household goods."

IT IS SO ORDERED at Hartford, Connecticut this 20th day of November 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut